FRIEDMAN, JAMES & BUCHSBAUM LLP
Bernard D. Friedman (BF-9219)
Andrew V. Buchsbaum, Esq. (AB-6475)
Attorneys for Plaintiff
15 Maiden Lane, Suite 1202
New York, NY 10038
(212) 233-9385

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
STEVEN MADDEN,                              PLAINTIFF DEMANDS
                                :           A TRIAL BY JURY
           Plaintiff,
                                :           **COMPLAINT**

   -against-                    :
                                            **SEAMAN'S CASE UNDER**
THE CITY OF NEW YORK,                       **THE JONES ACT FOR**
                                :           **PERSONAL INJURIES**
           Defendant.
-------------------------------------------------------x    Civil Action No:


**SUIT UNDER SPECIAL RULE FOR SEAMEN TO
SUE WITHOUT SECURITY OR PREPAYMENT OF
FEES FOR THE ENFORCEMENT OF THE LAWS
OF THE UNITED STATES, COMMON AND STAT-
UTORY FOR THE PROTECTION OF AND FOR
THE HEALTH AND SAFETY OF SEAMEN AT SEA**


Plaintiff STEVEN MADDEN, complaining of the defendant, by his attorneys FRIEDMAN, JAMES & BUCHSBAUM LLP, respectfully alleges as follows:

**Jurisdiction and Venue:**

1. This Court has jurisdiction pursuant to the Jones Act, 46 U.S.C. §§ 30104 et seq. (formerly codified at 46 U.S.C.A. § 688).

2. Venue is proper in this District pursuant to the Jones Act, 46 U.S.C. § 30104, as incorporating 45 U.S.C. § 56, in that the cause of action arose in this District, namely the St.

George Staten Island Ferry Terminal, Staten Island, New York; and defendant is doing business within this District; and/or 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred within this District.

**Parties:**

    3.    At all relevant times, plaintiff STEVEN MADDEN was a citizen and resident of the State of New York, County of Kings.

    4.    At all relevant times, defendant THE CITY OF NEW YORK was a municipal corporation with offices within the State of New York and City of New York.

### FIRST COUNT
### (Jones Act/Unseaworthiness vs. CITY OF NEW YORK)

    5.    Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 thru 4 of this Complaint as if set forth at length herein.

    6.    At all dates and times hereinafter mentioned, plaintiff was a seaman and member of the crew of the Ferry "JOHN F. KENNEDY" and an employee of defendant.

    7.    At all times and dates hereinafter mentioned, defendant THE CITY OF NEW YORK owned the Ferry "JOHN F. KENNEDY."

    8.    At all times hereinafter mentioned, defendant THE CITY OF NEW YORK operated the Ferry "JOHN F. KENNEDY."

    9.    At all the times and dates hereinafter mentioned, defendant THE CITY OF NEW YORK controlled the Ferry "JOHN F. KENNEDY."

    10.    That on or about October 27, 2017, without any fault on the part of the plaintiff, and wholly and solely by reason of the negligence, recklessness and carelessness of the

defendant THE CITY OF NEW YORK, its agents, servants and/or employees, and by reason of the unseaworthiness of its vessel "JOHN F. KENNEDY," the plaintiff was caused to sustain injuries while engaged in a lifeboat drill while said vessel was in the navigable waters of the City of New York adjacent to the St. George Staten Island Ferry Terminal, Staten Island, New York.

11. As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe permanent personal injuries, underwent a surgical procedure involving an anterior cervical discectomy and fusion, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

12. By reason of the foregoing, plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## SECOND COUNT
### (maintenance and cure)

13. Plaintiff repeats and realleges each and every allegation of the First Count in this Complaint as if fully set forth at length herein.

14. Plaintiff is entitled to maintenance, cure, and medical expenses for the period that he was disabled and unable to work in the total sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

**WHEREFORE**, plaintiff STEVEN MADDEN demands judgment against defendant THE CITY OF NEW YORK in the First Count in the sum of FIVE MILLION ($5,000,000.00)

DOLLARS; and against defendant THE CITY OF NEW YORK in the Second Count in the sum of

FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; together with interest and costs.

Dated: New York, New York
September 14, 2020

                                              FRIEDMAN, JAMES & BUCHSBAUM LLP
                                              Attorneys for Plaintiff

By: _____
                                              Andrew V. Buchsbaum
                                              15 Maiden Lane, Suite 1201
                                              New York, NY 10038
                                              (212) 233-9385